**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| **MICHAEL DAVIS** ) | |
| ) | **Civil Action Number:** |
| ) | |
| **Plaintiff,** ) | **Jury Trial Demanded** |
| **v.** ) | |
| ) | |
| **TOP TO BOTTOM CLEANING LLC** ) | |
| **A GEORGIA DOMESTIC LIMITED** ) | |
| **LIABILITY COMPANY AND** ) | |
| **JOHNNY WALKER, JR, AN** ) | |
| **INDIVIDUAL,** ) | |
| ) | |
| **Defendants** ) | |

## COMPLAINT

COMES NOW Plaintiff Michael Davis (hereinafter "Plaintiff") by and through his undersigned counsel, and files this lawsuit against Defendants TOP TO BOTTOM CLEANING LLC ("Defendant Top to Bottom") and Johnny Walker, Jr. ("Defendant Walker") (collectively "Defendants") on behalf of himself, pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

## INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically provisions of the FLSA found at § 216(b) to remedy violations of the minimum hourly wage provisions of the FLSA by Defendants which have deprived Plaintiff of his lawful minimum hourly wages.

2. Plaintiff was employed by Defendants, based out of Defendant Top to Bottom's principal address at 365 White Oak Way, Fayetteville, Georgia 30214 ("Defendants' Principal Address") performing janitorial work at Countryside Chrysler Jeep Dodge & Ram, LLC located at 201 Glade Rd. Jackson, Georgia 30233.

3. Plaintiff was employed by Defendants from on or about June, 2022 through on or about August 16, 2013 when his employment was terminated.

4. During the employment of Plaintiff, Defendants committed violations of the FLSA by failing to compensate Plaintiff at least minimum wage for all hours worked.

5. Plaintiff seeks unpaid minimum hourly wage compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

7. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

8. Plaintiff resides at 1724 Mt. Bethel Road McDonough, Georgia 30252 (within this District) and is a citizen of the United States.

9. Plaintiff was employed by Defendants based out of Defendants' Principal Address as a janitor.

10. At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States.

11. Plaintiff is further covered by §§ 203, and 206, of the FLSA for the period in which he was employed by Defendants.

12. Defendant Top to Bottom, upon information and belief, is a limited liability company formed under the laws of the State of Georgia and owns and operates a janitorial service based out of Defendants' Principal Address.

13. Defendant Walker, upon information and belief, is the owner of Defendant Top to Bottom, and upon information and belief is a resident of Fayette County, Georgia.

14. Defendants conduct business within this State and District.

15. Defendants maintained either actual or constructive control, oversight and direction of Defendants' business, including the employment and pay and other practices of that operation.

16. Defendant Top to Bottom is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Defendant Johnny Walker, JR, at 365 White Oak Way, Fayetteville, Georgia 30214.

17. Defendant Top to Bottom is registered as a corporation with the Georgia Secretary of State.

18. However, the "EMPLOYER" listed on Plaintiff's payroll checks is Walker & Family Solutions INC, with an address of 365 White Oak Way Fayetteville, Georgia 30214 is not registered as a corporation with the Georgia Secretary of State but does have the same address as Defendant Top to Bottom.

19. Defendant Walker is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 365 White Oak Way, Fayetteville, Georgia 30214.

20. At all times material to this action, Defendant Top to Bottom was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

21. At all times material to this action, Defendant Top to Bottom was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

22. Upon information and belief, at all times material to this action, Defendant Walker was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

23. The minimum hourly wage provisions set forth in § 206 of the FLSA apply to Defendants.

24. The prohibited acts provisions set forth in § 215 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

25. Beginning on or about June, 2022, Plaintiff became a janitor in the employ of Defendants.

26. Beginning on or about June, 2022, and ending on or about August 16, 2022, Plaintiff was a janitor in the employ of Defendants.

27. At all times relevant to the time periods when Plaintiff was employed by Defendants as a janitor, it was the policy and/or practice of Defendants to compensate Plaintiff an hourly wage.

28. However, Defendants, despite requests from Plaintiff Defendants failed to pay Plaintiff for the last two weeks he worked for Defendants.

29. Defendants failed to meet the requirements for paying Plaintiff minimum wage for all hours worked as required under the requirements of the FLSA, 29 U.S.C. §§ 203 and 206.

30. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

31. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

32. Plaintiff is entitled to compensation for unpaid wages, an equal amount as liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

33. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

34. Plaintiff demands a jury trial.

## COUNT I

35. Plaintiff repeats and incorporates by reference paragraphs 1-34 herein.

36. Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay minimum wage compensation to Plaintiff in accordance with §§ 203 and 206 of the FLSA.

37. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive minimum wage compensation in accordance with §§ 203 and 206 of the FLSA.

38. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

39. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of minimum wage compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiff be awarded pre- and post-judgment interest;

C. That Plaintiff be awarded reasonable attorneys' fees;

D. That Plaintiff be awarded the costs and expenses of this action; and

E. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 13th day of September, 2022.

MARTIN & MARTIN, LLP

By:<u>/s/ Thomas F. Martin</u>
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-1070
(770) 344-7267